UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN DEATON
    *Plaintiff,*

v.                                                                                                                     C.A No. 1:20-cv-00015

TOWN OF BARRINGTON, By and through
Its TOWN MANAGER JAMES CUNHA,
OFFICER DAVID WYROSTEK, OFFICER
ANTHONY DECRISTOFORO,
LT. TIMOTHY HARRINGTON,
CHIEF JOHN LACROSS, Individually,
and in their official capacities as police officers
for the Town of Barrington, RI, inclusive.
    *Defendants.*

## DEFENDANTS' ANSWER

Now come Defendants, Town of Barrington, by and through its Town Manager, James Cunha, Officer David Wyrostek, Officer Anthony DeCristoforo, Lt. Timothy Harrington, Chief John LaCross, individually, and in their official capacities as police officers for the Town of Barrington, RI, inclusive and answer Plaintiff John Deaton's complaint as follows:

1. Defendants admit that the Defendants named in Paragraph No. 1 of that portion of the Plaintiff's complaint in the untitled section of the complaint are or were employees for the Town of Barrington but deny the remaining allegations in said paragraph.

As to "Jurisdiction"

1. Defendants deny the allegations contained in Paragraph Nos. 2 and 3 of that portion of the Plaintiff's complaint entitled "Jurisdiction".

2. Defendants admit the allegations contained in Paragraph No. 4 of that portion of the Plaintiff's complaint entitled "Jurisdiction".

As to "Venue"

3. Defendants deny the allegations contained in Paragraph No. 5 of that portion of the Plaintiff's complaint entitled "Venue".

As to "Parties"

4. Defendants admit the allegations contained in Paragraph Nos. 6 and 11 of that portion of the Plaintiff's complaint entitled "Parties".

5. Defendant Wyrostek admits that he is a resident of the State of Rhode Island and employed as an Officer of the Barrington Police Department, but objects and contests to suit being brought in his individual capacity, as alleged in Paragraph No. 7 of that portion of the Plaintiff's complaint entitled "Parties".

6. Defendant DeCristoforo admits that he is a resident of the State of Rhode Island and employed as an Officer of the Barrington Police Department, but objects and contests to suit being brought in his individual capacity, as alleged in Paragraph No. 8 of that portion of the Plaintiff's complaint entitled "Parties".

7. Defendant Harrington admits that he is a resident of the State of Rhode Island and employed as a Lieutenant of the Barrington Police Department, but objects and contests to suit being brought in his individual capacity, as alleged in Paragraph No. 9 of that portion of the Plaintiff's complaint entitled "Parties".

8. Defendant LaCross admits that he is a resident of the State of Rhode Island and employed as Chief of Police of the Barrington Police Department, but objects and contests to suit being brought in his individual capacity, as alleged in Paragraph No. 10 of that portion of the Plaintiff's complaint entitled "Parties".

As to "Facts"

9. Defendants deny the allegations contained in Paragraph No. 12 of that portion of the Plaintiff's complaint entitled "Facts" that there were well over than 150 potential witnesses, otherwise admit.

10. Defendants admit the allegations contained in Paragraph Nos. 16, 19, 20, 27, 31, 32, 35 and 47 of that portion of the Plaintiff's complaint entitled "Facts".

11. Defendants deny the allegations contained in Paragraph Nos. 13, 14, 15, 17, 18, 21, 22, 23, 24, 25, 26, 28, 29, 30, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 51 and 52 of that portion of the Plaintiff's complaint entitled "Facts".

12. Defendants make no response to the allegations contained in Paragraph No. 50 of that portion of the Plaintiff's complaint entitled "Facts" and leave Plaintiff to his proof of same, thereby denying the same.

As to "Count I – Civil Rights Violations under RI ST § 12-7-3 – Unlawful Arrest (Against Defendants David Wyrostek and Anthony DeCristoforo)"

13. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 52 as said allegations are incorporated in Paragraph No. 53.

14. Defendants deny the allegations contained in Paragraphs Nos. 54 of that portion of the Plaintiff's complaint entitled "Count I".

As to "Count II – Civil Rights Violations Under RI ST § 12-7-1 – False Imprisonment (Against All Defendants)"

15. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 54 as said allegations are incorporated in Paragraph No. 55.

16. Defendants deny the allegations contained in Paragraph Nos. 56, 57, 58, 59, 60 and 61 of that portion of the Plaintiff's complaint entitled "Count II".

*Deaton v. Barrington*
C.A. No. 1:20-cv-00015

As to "Count III – Malicious Prosecution (Against All Defendants)"

17. Defendants reassert and incorporate its responses to all of the allegations contained in Paragraph Nos. 1 through 61 as said allegations are incorporated in Paragraph No. 62.

18. Defendants admit the allegations contained in Paragraph Nos. 63 and 64 of that portion of the Plaintiff's complaint entitled "Count III".

19. Defendants deny the allegations contained in Paragraph Nos. 65, 66, 67 and 68 of that portion of the Plaintiff's complaint entitled "Count III".

As to "Count IV – Conspiracy to Violate Plaintiffs Civil Rights Under R.I. §9-31-1 (Against All Defendants)"

20. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 68 as said allegations are incorporated in Paragraph No. 69.

21. Defendants deny the allegations contained in Paragraph Nos. 70, 71, 71a, 71b, 71c, 72, 73 and 74 of that portion of the Plaintiff's complaint entitled "Count IV".

As to "Count V – Invasion of Privacy (Against All Defendants)"

22. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 74 as said allegations are incorporated in Paragraph No. 75.

23. Defendants deny the allegations contained in Paragraph Nos. 76 and 78 of that portion of the Plaintiff's complaint entitled "Count V".

24. Defendants admit the allegations contained in Paragraph No. 77 of that portion of the Plaintiff's complaint entitled "Count V".

As to "Count VI – Assault and Battery (Against All Defendants)"

25. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 78 as said allegations are incorporated in Paragraph No. 79.

26. Defendants deny the allegations contained in Paragraph Nos. 80, 81 and 82 of that portion of the Plaintiff's complaint entitled "Count VI".

As to "Count VII – Failure to Supervise (Against Defendant Harrington and Chief LaCross"

27. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 82 as said allegations are incorporated in Paragraph No. 83.

28. Defendants deny the allegations contained in Paragraph Nos. 84, 85, 86 and 87 of that portion of the Plaintiff's complaint entitled "Count VII".

As to "Count VIII – Municipal Liability (Against Defendants Town of Barrington, and Chief John LaCross)"

29. Defendants reassert and incorporate their responses to all of the allegations contained in Paragraph Nos. 1 through 87 as said allegations are incorporated in Paragraph No. 88.

30. Defendants admit the allegations contained in Paragraph Nos. 89, 90 and 91 of that portion of the Plaintiff's complaint entitled "Count VIII".

31. Defendants deny the allegations contained in Paragraph Nos. 92, 93 and 94 of that portion of the Plaintiff's complaint entitled "Count VIII".

## **AFFIRMATIVE DEFENSES**

Defendants affirmatively plead the following defenses:

### **FIRST AFFIRMATIVE DEFENSE**

Defendants plead all forms of statutory and common law immunity including the public duty doctrine as a bar to the within complaint.

### **SECOND AFFIRMATIVE DEFENSE**

Defendants plead absolute and qualified immunity as a bar to the within complaint.

*Deaton v. Barrington*
*C.A. No. 1:20-cv-00015*

*Deaton v. Barrington*
*C.A. No. 1:20-cv-00015*

## THIRD AFFIRMATIVE DEFENSE

Defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action against the named Defendants in their individual capacities.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants object and contest the claims made against Defendants in their individual capacities.

**Defendants demand a trial by jury.**

>Defendants,
>By their Attorneys,
>
>*/s/ Marc DeSisto*
>*/s/ Kathleen A. Hilton*
>Marc DeSisto, Esq. (#2757)
>Kathleen A. Hilton, Esq. (#9473)
>DeSisto Law LLC
>60 Ship Street
>Providence, RI 02903
>(401) 272-4442
>marc@desistolaw.com
>katie@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify, that on this 10th day of January 2019, I electronically served this document through the electronic filing system upon the following parties:

John E. Deaton, Pro Se.
All-deaton@deatonlawfirm.com

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

>*/s/ Marc DeSisto*