PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
### CASE NO. PC-2019-12102

| | | | |
|---|---|---|---|
| John Deaton | § | | |
| v. | § | Location: | **Providence/Bristol County Superior Court** |
| David Wyrostek, Anthony Dicristoforo, Timothy Harrington, John Lacross, Town of Barrington | § | Filed on: | **12/30/2019** |
| | § | US District Court Case Number: | **1:20-CV-00015** |

## CASE INFORMATION

**Statistical Closures**
01/17/2020    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type:  **Civil Action**

Case Status:  **01/17/2020   Closed**

Case Flags:  **Claim for Jury Trial**

## DATE                    CASE ASSIGNMENT

**Current Case Assignment**
Case Number          PC-2019-12102
Court                Providence/Bristol County Superior Court
Date Assigned        12/30/2019

## PARTY INFORMATION

**Plaintiff**        Deaton, John                                      **Pro Se**

**Defendant**        Dicristoforo, Anthony

                     Harrington, Timothy

                     Lacross, John

                     Town of Barrington

                     Wyrostek, David

## DATE                    EVENTS & ORDERS OF THE COURT

### EVENTS

| | |
|---|---|
| 01/17/2020 | Case Removed to US District Court |
| 01/17/2020 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 01/10/2020 | Notice of Removal |
| | *Defendants' Notice of Removal - Notice to State Court* |
| 12/30/2019 | Summons |
| 12/30/2019 | Complaint Filed |
| | *Original Complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information |
|---|

Case Caption: **John Deaton** vs. **David Wyrostek ET AL**

Federal Court Case No. **1:20-CV-00015**  State Court Case No. **PC-2019-12102**

| Record Information |
|---|

Confidential:   Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☐   No ☑   Description: _____

| Certification |
|---|

I, **Alexa Goneconte** , Clerk of the Rhode Island Superior Court for the County of **Providence** do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: 01/17/2020

Clerk of Court

/s/ **Alexa Goneconte**

By Deputy Clerk

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 1/10/2020 1:37 PM
Envelope: 2418774
Reviewer: Alexa G.

1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 3 of 60 PageID #: 78

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

JOHN DEATON
     *Plaintiff,*

vs.                                      C.A. No. PC-2019-12102

TOWN OF BARRINGTON, By and through
Its TOWN MANAGER JAMES CUNHA,
OFFICER DAVID WYROSTEK, OFFICER
ANTHONY DECRISTOFORO,
LT. TIMOTHY HARRINGTON,
CHIEF JOHN LACROSS, Individually,
and in their official capacities as police officers
for the Town of Barrington, RI, inclusive.
     *Defendants.*

## NOTICE OF FILING PETITION FOR REMOVAL

**TO:**    **Clerk's Office**             **(See also those listed under**
         **Providence County Superior Court**   **Certification of Service)**
         **Licht Judicial Complex**
         **Providence, RI 02903**

Please take notice that Defendants – Town of Barrington, by and through its Town

Manager, James Cunha, Officer David Wyrostek, Officer Anthony DeCristoforo, Lt. Timothy

Harrington, Chief John LaCross, individually, and in their official capacities as police officers for

the Town of Barrington, RI, inclusive has this day filed in the United States District Court for the

District of Rhode Island a Petition for Removal of the above-entitled action from the Providence

County Superior Court to the United States District Court for the District of Rhode Island pursuant

to 28 U.S.C. §§ 1441 and 1446.

Dated this 10th day of January 2020.

                              Defendants,
                              By their Attorney,

                              */s/ Marc DeSisto*

*Deaton v. Barrington*
*C.A. No. PC-2019-12102*

> Marc DeSisto, Esq. (#2757)
> DeSisto Law LLC
> 60 Ship Street
> Providence, RI 02903
> (401) 272-4442
> marc@desistolaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 10th day of January 2020, the within document has been e-filed and served through the Superior Court's Electronic Filing System and is available for viewing and downloading from the Court's EFS system. In addition, service on the counsel of record, as listed below, will be effectuated by electronic means:

> John E. Deaton, Pro Se.
> All-Deaton@deatonlawfirm.com

> */s/ Marc DeSisto*

Page 2 of 2

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE**

| | | |
|---|---|---|
| **JOHN DEATON,** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **Case No.:** |
| | : | |
| | : | |
| **TOWN OF BARRINGTON,** | : | **JURY DEMAND** |
| **by and through its TOWN MANAGER** | : | |
| **JAMES CUNHA, OFFICER DAVID** | : | |
| **WYROSTEK, OFFICER** | : | |
| **ANTHONY DECRISTOFORO,** | : | |
| **LT. TIMOTHY HARRINGTON,** | : | |
| **CHIEF JOHN LACROSS,** | : | |
| **individually, and in their official** | : | |
| **capacities as police officers for the** | : | |
| **Town of Barrington, RI, inclusive.** | : | |
| *Defendants.* | : | |

## **COMPLAINT**

1. This is an action for damages sustained by a citizen of the United States, and the State of
Rhode Island, against the Town of Barrington, Rhode Island, and Police Officers David
Wyrostek and Anthony DeCristoforo, who unlawfully arrested, harassed, assaulted,
humiliated, and maliciously prosecuted the Plaintiff, John Deaton. This is also an action
against Lieutenant Timothy Harrington, supervisory officer responsible for the conduct of
the officers, and his failure to take corrective action by not ordering the immediate
release of Plaintiff following an unlawful arrest. This is also an action against Chief John
LaCross and the Town of Barrington, Rhode Island, who failed to provide adequate
training and supervision of personnel, or to discourage lawless official conduct or take
corrective action after learning of the unlawful arrest of the Plaintiff. The Plaintiff

1

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:20-cv-00015-WES-LDA     Document 6     Filed 01/17/20     Page 6 of 60 PageID #: 81

alleges violations of his civil rights under Rhode Island and Federal law as well as common law claims.

## JURISDICTION

2. This is a civil action brought pursuant to the Rhode Island Tort Claims Act, RI ST § 9-31-1. Jurisdiction is therefore proper in this Court pursuant to § 8-2-13 and § 8-2-14.

3. The amount in controversy exceeds one hundred thousand dollars ($100,000.00), excluding interests and costs, allowable under § 12-7-14 and § 9-31-4.

4. Presentment of notice to council of claims against the Town of Barrington has been satisfied pursuant to RI ST § 45-15-5. Notice was sent via certified mail on November 4, 2019 to all council members.

## VENUE

5. Pursuant to § 9-31-1, Rhode Island Superior Court is an appropriate venue, as the parties reside in this district and the events giving rise to the claims serving as the subject of this action occurred in the instant district.

## PARTIES

6. Plaintiff, John Deaton, is a resident of the town of Barrington in Bristol County, Rhode Island.

7. Defendant, Officer David Wyrostek, upon information and belief, was at all times related hereto, a resident of the State of Rhode Island and employed by the Barrington Rhode Island Police Department as an officer. Defendant David Wyrostek is being sued in his individual and official capacities.

8. Defendant, Officer Anthony DeCristoforo, upon information and belief, was at all times relevant herein, a resident of the State of Rhode Island, and at all times employed by the

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Barrington Rhode Island Police Department as an officer. Defendant, Anthony

DeCristoforo, is being sued in his individual and official capacities.

9. Defendant, Lieutenant Timothy Harrington, upon information and belief, was at all times

relevant herein, a resident of the State of Rhode Island, and at all times employed by the

Barrington Rhode Island Police Department as a lieutenant.  Defendant, Timothy

Harrington, is being sued in his individual and official capacities.

10. Defendant, Chief of Police John LaCross, upon information and belief, was at all times

relevant herein, a resident of the State of Rhode Island, and at all times employed by the

Barrington Rhode Island Police Department as chief of police.  Defendant, John LaCross,

is being sued in his individual and official capacities.

11. Defendant, Town of Barrington, is an incorporated town in the State of Rhode Island, and

being sued through its town manager, James Cunha, in his official capacity.

**FACTS**

12. On or about September 24, 2017, Plaintiff was attending a Pop Warner football game at

the Barrington High School (BHS) with his girlfriend, Kristiana Warner (KW),

supporting his girlfriend's eight-year old son. The game was also attended by KW's

former husband, Ronald Warner (Warner), and his girlfriend, Ashley Maryyanek

(Maryyanek).   See **Exhibit 1**.  Also, in attendance, at BHS, were dozens of kids playing

in football games along with their parents and family members as spectators.  At the time

of the incident, there were well over 150 potential witnesses.

13. Following the completion of KW's son's football game, KW's son and daughter (the

children) greeted their father, Warner. Warner hugged his son and was seen whispering

into his ear, at which time his son began to cry and walk away from his father. KW's

3

daughter also approached Warner while KW remained close by. KW heard Warner tell

their daughter that he has no money or food, so she could not come over to his house for

a while. See **Id**. KW cautioned Warner that this was not the time nor the place to discuss

these issues in front of the children.

14. When the Plaintiff saw KW's son crying, he assumed it was because his team had lost the

game and walked the child over to a corner of the field to console the child. The child

informed the Plaintiff that he was not crying because they lost the game but, instead,

because Warner had informed him that his mother was taking all his money for child

support, and, because of that, Warner would not be able to see his son anymore. At this

time, KW walked over to the Plaintiff who was assuring her son that his father loves him

and wants to spend time with him and that this bad time would soon pass. **Id**. Warner

and Maryyanek approached the Plaintiff, KW, and the children, and then interjected into

the conversation. KW repeated to Warner that this was not the time nor place to discuss

such topics. Maryyanek verbally agreed. Warner, however, escalated his behavior and

began yelling and pointing at KW telling her that it was all her fault and that she was the

reason he won't see the kids anymore. See **Exhibit 1**; **Exhibit 2**.

15. The Plaintiff and KW began to walk away with the children when Warner aggressively

touched Plaintiff's back in an effort to provoke the Plaintiff and continue to argue. See

**Exhibit 5**. Although Plaintiff had been basically assaulted by Warner's aggressive

touching the Plaintiff's person, the Plaintiff did not engage or touch Warner in any

manner. See **Exhibit 5 and Exhibit 6.** When Plaintiff turned around, after being touched

by Warner, Maryyanek became animated, swearing, and standing between both men.

Warner proceeded to push Maryyanek out of the way. See **Exhibit 4 and Exhibit 5**.

4

16. A football coach, later identified as Seth Fisher (Fisher), yelled for everyone to stop and leave. **Exhibit 1.**

17. After Fisher instructed the parties to leave, Warner smiled at the Plaintiff and said, "I got you anyway, and I'm taking you down". Warner turned around and walked away while making a phone call.

18. Warner called 911 asking for the Police and making a false claim that Plaintiff had assaulted and choked him.

19. At approximately 1:47 p.m., Defendant Officer David Wyrostek (Wyrostek), responding to Warner's 911 emergency call, arrived at BHS. **Exhibit 2.**

20. Upon Wyrostek's arrival he met with Warner. Warner informed Wyrostek that while at his son's football game, the Plaintiff assaulted him. Warner told Wyrostek that the Plaintiff taunted, insulted, and threatened him. Warner claimed that the Plaintiff grabbed him by the throat and neck. **Exhibit 2.**

21. As Warner was making his unsubstantiated claims about the Plaintiff to Wyrostek, the Plaintiff, KW, and the children proceeded, in a vehicle, from the area, en route to Plaintiff's home, and observed that while Warner was speaking to Wyrostek, Warner pointed at plaintiff's vehicle as it passed by. **Exhibit 1.**

22. Wyrostek, in his patrol car, flashed his lights and signaled for the Plaintiff to pull over. Wyrostek approached Plaintiff's car and began questioning the Plaintiff about the alleged incident with Warner. **Exhibit 1.**

23. At the same time hereto, Plaintiff respectfully requested to discuss the incident with Wyrostek away from the presence of the children, as they were becoming scared and confused. Plaintiff also requested he be allowed to bring the children home and then

5

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

proceed to the police station where he and KW could provide statements. Although Warner showed absolutely no physical signs of having been assaulted and chocked and no exigency existed, Wyrostek refused to allow Plaintiff to drive the children home and come back so that he and KW could make a statement. Plaintiff and Wyrostek then proceeded to walk towards the front of the police cruiser behind the Plaintiff's vehicle.

**Exhibit 1.**

24. Wyrostek informed the Plaintiff that Warner claimed that the Plaintiff assaulted him and choked him. The Plaintiff responded by stating "let me get this straight, he is claiming I choked him in front of his children, dozens of other little kids and probably 200 witnesses?" The Plaintiff informed Wyrostek that he was a lawyer and would certainly not jeopardize his law license by choking Warner in front of hundreds of witnesses. Plaintiff informed Wyrostek that Warner had previously threatened Plaintiff by stating "I will end you" and other words to that effect. The Plaintiff further informed Wyrostek that Warner was trying to goad the Plaintiff into striking Warner. The Plaintiff informed Wyrostek that Warner kept saying "go ahead hit me, hit me, you have everything to lose and I don't have shit to lose". The Plaintiff informed Wyrostek that Warner had stated that he was going to bring the Plaintiff down and now lying to Wyrostek in an effort to bring Plaintiff down and was attempting to use the BPD as his tools in an effort to do so. The Plaintiff explained to Wyrostek that Warner was using the BPD as a weapon against the Plaintiff and pleaded with Wyrostek not to fall for this blatantly obvious scheme. The Plaintiff told Wyrostek, "don't let this loser make you his Patsy!" The Plaintiff repeated that he was a lawyer and would never take a chance and lose his law license by choking a person in front of a hundred 8-10-year-old children. Plaintiff informed Wyrostek that

6

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA   Document 6   Filed 01/17/20   Page 11 of 60 PageID #: 86

Warner had had several violent outbursts and was arrested for violent behavior in the past

and was routinely abusing controlled substances and that the Plaintiff suspected, based on

Warner's mannerisms and behavior, was under the influence of substances at the time.

25. The Plaintiff suggested that Wyrostek run Warner's name in the computer as Plaintiff

would not be surprised if an arrest warrant was out for Warner considering Warner's

well-documented propensity for violence.   Wyrostek refused.

26. While Wyrostek was detaining the Plaintiff, Defendant Officer DeCristoforo

(DeCristoforo) arrived at the scene. **Exhibit 2.** Warner waived down DeCristoforo and

approached his vehicle. DeCristoforo stated that Warner was visibly upset and claimed

that he was choked by the Plaintiff. **Id.**  DeCristoforo makes note in his report that the

alleged choking took place behind the BHS in the area of the football field in the

presence of football coaches, children and other patrons. **Id.**

27. DeCristoforo found it noteworthy to state in his report that Warner's throat did not appear

to be red, swollen, or show any finger marks. **Id.**

28.  Between 1:47 p.m. and 2:17 p.m., Wyrostek; without provocation or

understanding of the true nature of the incident; with no corroboration of Warner's

allegations; with the absence of any physical proof of an assault or choking; without

running a background check on Warner; without interviewing KW who is listed as the

only witness in the police report; without conducting one interview of the hundreds of

potential witnesses other than Warner; handcuffed and arrested the Plaintiff in the

children's view, whom immediately began to cry hysterically, and placed the Plaintiff in

the back seat of the Wyrostek's patrol car. **Exhibit 2.**

7

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 12 of 60 PageID #: 87

29. At the time of Plaintiff's detention and arrest, DeCristoforo also only received verbal statements regarding the incident from Warner, despite the officer's notation that coaches, children and other patrons witnessed the incident including KW, listed as a witness to the incident in the police report. **Id.**

30. On page 2 of the BPD Arrest Report, the only witness listed is KW. **Id.** In fact, KW offered to provide a witness statement regarding the events that took place to Wyrostek and DeCristoforo. Despite being listed as a witness in the report, she was informed by Wyrostek and DeCristoforo that her statement was unnecessary at that time.

31. During the time at which the Plaintiff was at the Barrington Police Station, being processed for his arrest, Maryyanek, Warner's girlfriend, however, was asked to provide a written witness statement to the BPD. **Exhibit 2.**

32. Maryyanek, however, was not identified as a witness on the BPD Arrest Report. **Id.**

33. Upon arrival at the BPD, Plaintiff was photographed, fingerprinted, and placed in a holding cell, while Warner was placed in an interview room. **Exhibit 2.** At this time, an officer at the BPD received Warner's record and confirmed that there, was in fact, a warrant out for Warner's arrest on a domestic violence incident involving his girlfriend, Maryyanek. **Exhibit 2** and **Exhibit 3.** Warner was immediately arrested and held on a warrant issued by the Providence Police Department (PPD). Warner was transferred to The PPD. Had the defendants ran Warner's record, as the Plaintiff had suggested and or prior to the Plaintiff's unlawful arrest, the Defendants would have learned from a Providence Incident Report that Warner "has a history of violence." **Id.**

34. At approximately 2:33 p.m., KW called the BPD and, again, offered to give a statement. KW informed the defendants that she was present for the entire incident and that she had

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 13 of 60 PageID #: 88

found several independent witnesses, unknown to all parties, who had also witnessed the entire incident. The defendants, realizing that they had made a mistake, refused to take the statements of KW or any of the other witnesses, fearing they would likely provide exculpatory information which would show that the Plaintiff's arrest was unlawful and unjust.

35. At approximately 3:44 p.m. on September 24, 2017, Plaintiff was released from the BPD.

36. At 6:15 p.m. on September 24, 2017, approximately five hours after Plaintiff's arrest and two and a half hours after Plaintiff's release, DeCristoforo called his friend, Seth Fisher and asked him to give a statement related to the alleged incident between the Plaintiff and Warner. Although Fisher had made it known to DeCristoforo and others at the scene, including, but not limited to KW, that he had not witnessed the entire incident, he provided a statement of what he did observe. Desperate to justify Plaintiff's arrest after the fact, Fisher was asked by DeCristoforo whether he could back up Warner's claim that he was choked by the Plaintiff. Although Fisher did not see the entire incident, he gave a statement that said the Plaintiff placed his hand on Warner's throat, raised his other hand and back away from Warner.

37. Considering Plaintiff had already been arrested and booked, Fisher's statement, taken five hours after Plaintiff's arrest, could not be for the purpose of establishing probable cause. Probable cause must exist at the time of the arrest. Taking Fisher's statement after Plaintiff's arrest and release from custody was done for the sole purpose of covering up Plaintiff's unlawful arrest and imprisonment. However, a clear reading of Fisher's statement demonstrates that Plaintiff's actions (a raised fist while backing away) assumed a defensive posture, not an offensive one. Fisher's statement in and of itself gives rise

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 14 of 60 PageID #: 89

that the Plaintiff may have been acting in self-defense. Moreover, Fisher made it known he did not see all of the incident. Thus, Fisher's statement fails on its face to justify Plaintiff's arrest. The defendants refused to take any further statements or conduct any further investigation because they did not want to establish a record that demonstrated Plaintiff's innocence. The defendants intentionally relied on the incomplete statement of Fisher in an effort to establish probable cause after the fact. In fact, DeCristoforo makes mention that the Plaintiff threatened to sue the BPD in his report. **Exhibit 2.** DeCristoforo states "this comment about suing the department was also made in front of the JP and Lieutenant Harrington before being released." **Id.** It is clear, that the reason DeCristoforo sought out the help from his friend Fisher, asking whether he could back up Warner's allegations 6 hours after arresting the Plaintiff was to try and justify the unlawful arrest and try and prevent plaintiff from suing the BPD. It is equally clear that that is the same reason DeCristoforo and Wyrostek refused to take the statement of KW or any of the other hundred potential witnesses.

38. Defendants Wyrostek and DeCristoforo did not conduct any additional witness interviews of any other bystander to the incident before or after the arrest and release of the Plaintiff. Instead, fearing that the Plaintiff might make good on his threat to sue for unlawful arrest and imprisonment, they conspired to find any witness that could possibly justify the Plaintiff's arrest. Although on notice that Fisher did not see the entire incident, once they secured his statement, again, taken 6 hours after the Plaintiff's arrest, they refused to conduct additional interviews. Furthermore, Defendants Wyrostek and DeCristoforo intentionally wrote their report in a manner intended to make the Plaintiff look belligerent, uncooperative, and hostile. The defendants included falsehoods and half-

10

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

truths in their report in an effort to bolster Warner's claims and justify the arrest. There is simply no legitimate reason to seek Fisher's statement at 6:15 p.m. – 5 hours after the Plaintiff was arrested. The only reason to seek out Fisher's statement, and ignore the other two hundred witnesses, was to attempt to justify the arrest of the Plaintiff, after the fact, and smear the plaintiff to try and dissuade the plaintiff from suing the BPD.

39. Had the defendants interviewed the dozens and dozens of potential witnesses they would have uncovered that the BPD was in fact a patsy used by Warner in an effort to bring down the Plaintiff. Had the defendants conducted any adequate investigation, they would have uncovered that the Plaintiff had demonstrated incredible restraint against Warner. Bystander, Christine Lamoureux (Lamoureux) was at the scene. In fact, it was Fisher who pointed out Lamoureux to KW as someone who, unlike himself, had seen the entire incident. Lamoureux provided a written and verbal witness statement on September 30, 2017, to investigator Louis Trevato. The statement indicated that a "small man", identified as Warner, "start[ed] swinging at the big guy", identified as the Plaintiff. Lamoureux additionally indicated that she "never saw the big man put his hands on the little [man] at any time." **Exhibit 4.**

40. Lamoureux was available to make a statement prior to Plaintiff's arrest on September 24, 2017. **Id.** Yet, the defendants intentionally did not pursue her statement.

41. A second bystander, Frances Munafo (Mrs. Munafo), provided a written and verbal witness statement on October 2, 2017, to Louis Trevato. The statement indicated that the "taller guy", the Plaintiff, "walked away and the shorter guy", Warner, "came after him and touched his back. Then as the taller guy turned around, the woman", Maryyanek,

11

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 16 of 60 PageID #: 91

"got very animated and was swearing in between the two men. Then the taller guy walked away as the shorter guy continued to talk loudly at him." **Exhibit 5**.

42. Mrs. Munafo was available to make a statement prior to the Plaintiff's arrest on September 24, 2017. **Id**. Yet, the defendants intentionally did not pursue her statement.

43. Another bystander, Jacob Munafo (Mr. Munafo), provided a written and verbal witness statement on October 2, 2017, to Louis Trevato. The statement indicated that there was "an altercation between a tall man [Plaintiff] and a short man [Warner] where the short man antagonized the tall one attempting to incite a fight but failed." **Exhibit 6**.

44. Mr. Munafo was available to make a statement prior to the Plaintiff's arrest on September 24, 2017. **Id**. Yet, the defendants intentionally did not pursue his statement.

45. KW, listed as the only witness on the Police Report, offered to give a statement several times. Despite having informed the defendants that she witnessed the entire incident, the defendants intentionally did not pursue her statement.

46. Despite Plaintiff's truthful account, all of which was verified by bystanders, that Mr. Warner initiated, provoked, and lied to the police, the officer inexplicably arrested Plaintiff for a past alleged misdemeanor not in his presence, without any reasonable grounds or understanding rooted in competent police investigation. Moreover, defendants refused to take the statement of the only listed witness in the Police Report, KW, despite KW's repeated offers to provide a statement.

47. That despite alleged victim's claims that he was choked, DeCristoforo examined his neck and concluded in his incident report "Mr. Warner's throat did not appear red, swollen, or show finger marks." **Exhibit 2.**

12

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 17 of 60 PageID #: 92

48. On or about September 25, 2017, Emily Trieber, an attorney working at The Deaton Law Firm, transcribed a letter to the BPD requesting that such information pertaining to Plaintiff's arrest not be publicized as it could cause irreparable harm to the Plaintiff. **Exhibit 7.** Plaintiff's request to not have this unlawful arrest be published in the local newspapers was ignored by the defendants. Plaintiff's arrest was published and made known to the general public.

49. DeCristoforo and Wyrostek, while conducting Plaintiff's arrest violated Rhode Island General Laws: Title 12, Ch. 12-7-3, arrest without warrant for a misdemeanor, whereby police may conduct a warrantless arrest, not in their presence, if the officer has reasonable grounds to believe that a person cannot be arrested later or may cause injury to himself, or others, or otherwise damage property unless immediately arrested.

50. Plaintiff, at all times hereto, was a resident of the Town of Barrington, Rhode Island, a distinguished member of the Rhode Island Bar, and a former Officer in the United States Marine Corps and former Federal Prosecutor. Plaintiff, under reasonable and objective inspection, does not present as a flight risk, or an individual who would cause injury to himself, others or property.

51. The Plaintiff is a licensed Attorney admitted to practice law in Rhode Island, Massachusetts, Connecticut and Iowa. The Plaintiff has been self-employed, managing the Deaton Law Firm, located in East Providence, Rhode Island. The Plaintiff handles significant injury and wrongful death cases. The Plaintiff's law practice almost exclusively depends on the referral of cases from other law firms and lawyers. The Plaintiff's livelihood is dependent on his maintaining a stellar and outstanding reputation. The Plaintiff requested that the Defendants not publish his unjust and unlawful arrest as it

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 18 of 60 PageID #: 93

could jeopardize his ability to maintain his law practice and livelihood. The Defendants ignored Plaintiff's plea despite knowing that Plaintiff's arrest was unjust and unlawful.

52. Plaintiff's arrest has caused irreparable harm to his reputation.  As a direct and proximate result from the Defendants' unlawful arrest of the Plaintiff, the Defendants' conspiracy to justify the arrest and establish probable cause after the fact; the Defendants' failure to properly investigate the incident, and the Defendants' malicious prosecution of the Plaintiff, the Plaintiff has lost significant business. In accordance with RI ST § 9-31-4, Plaintiff may recover on the basis of lost business opportunity. Law firms and lawyers that routinely send Plaintiff business may now see Plaintiff in a less-than-favorable light. Plaintiff may be viewed as unstable and too risky to conduct business with. As a direct and proximate result from Defendants' unlawful arrest of Plaintiff, Plaintiff has lost over three million dollars in wages, has incurred attorney fees, and has suffered humiliation, mental anguish and irreparable harm to his reputation. Because Defendants' misconduct was going to be brought into the public eye, Defendants dismissed Plaintiff's criminal prosecution on the eve of trial. However, as of the date of this Complaint, the record of Plaintiff's arrest is still in the system, thereby forever prejudicing Plaintiff's reputation. See **Exhibit 8.**

## COUNT I

### CIVIL RIGHTS VIOLATIONS UNDER RI ST § 12-7-3 – UNLAWFUL ARREST
### (Against Defendants David Wyrostek and Anthony DeCristoforo)

53. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

54. By engaging in the conduct described in the preceding paragraphs, Defendants Wyrostek

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 19 of 60 PageID #: 94

and DeCristoforo, acting under the color of law and in their individual and official capacities, knowingly, intentionally and egregiously violated Plaintiff's rights by unlawfully making a false arrest.

**WHEREFORE**, Plaintiff demands judgment against Wyrostek and DeCristoforo for the damages described in the preceding paragraph, plus interest, costs and reasonable attorney fees.

## COUNT II

## CIVIL RIGHTS VIOLATIONS UNDER RI ST § 12-7-1 – FALSE IMPRISONMENT
### (Against All Defendants)

55. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

56. Defendants Officer Wyrostek and Officer DeCristoforo unlawfully confined Plaintiff by obstructing Plaintiff's ability to peacefully leave the location described above.

57. Defendants Wyrostek and DeCristoforo, intended to prevent Plaintiff from exercising his freedom to leave the area or locations(s) described above.

58. Plaintiff was conscious and aware of his confinement and did not consent to such confinement.

59. That Plaintiff's arrest was made without legitimate legal process or investigation.

60. Plaintiff's confinement was not privileged or in the proper exercise of law enforcement authority or other legal justification.

61.  As a result of such confinement and acts, Plaintiff was falsely imprisoned and has suffered severe mental anguish, humiliation, degradation, and economic damages as described above.

**WHEREFORE,** Plaintiff demands judgment against Wyrostek and DeCristoforo for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.

15

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 20 of 60 PageID #: 95

## COUNT III

## MALICIOUS PROSECUTION
### (Against All Defendants)

62. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

63. Defendant Wyrostek, acting in his individual and official capacities, initiated a complaint in the Sixth Division, Providence County Court, alleging Plaintiff committed assault and battery and disorderly conduct.

64. That the complaint was ultimately brought to the Providence County Court for arraignment on or about September 25, 2017.

65. That the Defendants did not have probable cause to initiate said proceedings.

66. That the Defendants initiated the proceedings maliciously.

67. That the criminal charges were brought against Plaintiff without probable cause.

68. That as a direct and proximate cause of the Defendant's malicious prosecution, Plaintiff suffered damages including humiliation, anxiety, and mental anguish.

   **WHEREFORE,** Plaintiff demands judgment against Defendant Wyrostek for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.

## COUNT IV

## CONSPIRACY TO VIOLATE PLAINTIFFS CIVIL RIGHTS UNDER R.I. § 9-31-1
### (Against All Defendants)

69. Each of the paragraphs of this Complaint is incorporated as if fully restated herein

70. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely arrested and imprisoned in violation of his constitutional rights.

16

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:21-cv-00013-WES-LDA    Document 6    Filed 01/17/20    Page 21 of 60 PageID #: 96

71. Defendants, Wyrostek, DeCristoforo, and Harrington, having conspired together, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights to wit:

   a. The Defendants agreed and acted intentionally to falsely have Plaintiff arrested, seized, jailed, deprived of liberty, and prosecuted.

   b. The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff as described above.

   c. The Defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against Plaintiff.

72. As a direct and proximate result of the conspiracy between Defendants, Plaintiff was seized, confined, and arrested and charged with criminal offenses that he did not commit and was deprived of his right to be free from unreasonable and unlawful seizure, protection of the laws, due process rights to be free from arbitrary and unreasonable action that are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by RI ST § 9-31-1.

73. As a result of Defendant's conspiracy, Plaintiff suffered great mental anguish, humiliation, degradation, and emotional pain and suffering.

74. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

   **WHEREFORE**, Plaintiff demands judgment against Wyrostek, DeCristoforo, and Harrington, for the damages described in the preceding paragraph, plus interest, costs and reasonable attorney fees.

17

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

## COUNT V

### INVASION OF PRIVACY
**(Against All Defendants)**

75.  Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

76. The actions of Defendants, Wyrostek, DeCristoforo, and Harrington, caused an unwarranted, unreasonable, and highly offensive invasion of Plaintiff's physical solitude and/or seclusion.  This invasion was of such a nature and degree as would be highly offensive or objectionable to any reasonable person.

77. Pursuant to common law and § 9-1-28.1 of the General Laws of Rhode Island, 1956, as amended, Plaintiff was entitled to be secure from such unreasonable intrusions upon his physical solitude and/or seclusion.

78. Plaintiff has suffered personal injury as a result of the acts alleged herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants Wyrostek, DeCristoforo, and Timothy Harrington, for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.


## COUNT VI

### ASSAULT AND BATTERY
**(Against Defendant David Wyrostek)**

79. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

80. Defendant Wyrostek, engaged in offensive, unconsented, contact with Plaintiff, constituting an assault and battery on his person.

81. Such Defendant intended or reasonably should have known that his acts were offensive and not actions to which Plaintiff consented.

18

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 23 of 60 PageID #: 98

82. Plaintiff has suffered personal injury and economic damages as a result of the acts alleged herein.

**WHEREFORE,** Plaintiff demands judgment against Wyrostek for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.

## COUNT VII

### FAILURE TO SUPERVISE
**(Against Defendant Harrington and Chief LaCross)**

83. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

84. Defendant, Lieutenant Timothy Harrington acting in his individual and official capacities, as a ranking member of the Barrington Police Department, knew, or in the exercise of due diligence, should have known that the conduct of the other Defendant officers was likely to occur.

85. Defendant, Lieutenant Timothy Harrington, failed to take any preventive or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein. Had Defendant Harrington taken such measures, Plaintiff would not have suffered the deprivation of his civil rights. The failure of Lieutenant Harrington to reprimand and correct the officers, and his deliberate misconduct in failing to immediately release the Plaintiff from custody directly caused the deprivations suffered by Plaintiff.

86. Lieutenant Harrington had power to prevent, or to aid in preventing, the continued unlawful detainment of Plaintiff under RI Gen L § 12-7-2 (2012) by immediately releasing the Plaintiff from custody once determining that the officers' investigation was not competent, nor thorough, failing to establish the true nature of Plaintiff's right to self-

19

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

defense as supported by independent witnesses. These wrongful acts could have been prevented by the exercise of reasonable diligence by Lieutenant Harrington.

87. As a direct and proximate result of the above described unlawful and malicious acts of Lieutenant Harrington, Plaintiff was deprived of his right to be secure in his person, to equal protection of the laws of Due Process, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by RI ST § 9-31-1.

   **WHEREFORE,** Plaintiff demands judgment against Defendant Harrington, for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.

## COUNT VIII

### MUNICIPAL LIABILITY
**(Against Defendants Town of Barrington, and Chief John LaCross)**

88. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

89. Defendant, Town of Barrington, had the responsibility to supervise and control officers of the Barrington Police Department.

90. In fulfilling this responsibility, the Town of Barrington, relied upon its employees, agents, and servants, in particular Chief John LaCross and Lieutenant Timothy Harrington, to properly oversee the police department's operations.

91. In fulfilling their responsibilities, Defendants LaCross and Harrington, were acting within the course and scope of their employment in the hiring and supervision of Defendants, Wyrostek and DeCristoforo.

92. As police officers, Defendant Wyrostek and DeCristoforo, were acting as agents, servants, and/or employees of the Town of Barrington, during and within their scope of their agency and employment, and used the powers and influence of their positions and status as an actual and apparent agent of the Town of Barrington to unlawfully arrest,

20

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 25 of 60 PageID #: 100

confine, and maliciously prosecute the Plaintiff in violation of his civil right under RI ST § 9-31-1.

93. Defendant Town of Barrington, grossly failed to train its police officers in the fundamental law of arrest, seizure, and prosecution, in bringing unwarranted criminal charges without due consideration nor reasonable investigation to ensure protection of individual civil liberties by verifying and corroborating witness statements prior to taking a police action.

94. The foregoing acts, omissions, systematic failures, customs and policies of the Town of Barrington, have caused Defendants Wyrostek and DeCristoforo to believe that determination of the right to arrest, seize, detain, and maliciously prosecute innocent individuals are allowable and within an officer's discretion, and that complaints of illegal arrest would not be honestly and/or properly investigated, with the foreseeable result that officers would be likely to illegally arrest, detain and maliciously prosecute innocent people as is the case here.

**WHEREFORE,** Plaintiff demands judgment against the Town of Barrington for compensatory, punitive and/or other damages plus interest, costs and reasonable attorney fees.

## PRAYER

WHEREFORE, Plaintiff, John Deaton, requests that this Court enter judgment jointly and severally against the Defendants and any such relief that the Court deems just.

Dated: December 30, 2019

21

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 26 of 60 PageID #: 101

The Plaintiff,
Proceeding *pro se*,


*/s/ John E. Deaton*
John E. Deaton, Esq.
RI Bar No.: 6537
Federal Bar No.: 72056
The Deaton Law Firm
450 North Broadway
East Providence, RI 02914
Phone (401) 351-6400
Facsimile (401) 351-6401
all-deaton@deatonlawfirm.com

22

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00013-WES-LDA    Document 6    Filed 01/17/20    Page 27 of 60 PageID #: 102

# **EXHIBIT INDEX**

| Ex. 1 | Witness Kristiana Warner's Statement |
|-------|--------------------------------------|
| Ex. 2 | Barrington Police Department Arrest Report |
| Ex. 3 | Providence Incident Report Detail |
| Ex. 4 | Witness Christine Lamoureux's Statement |
| Ex. 5 | Witness Francis Munafo's Statement |
| Ex. 6 | Witness Jacob Munafo's Statement |
| Ex. 7 | Letter to Barrington Police Department re: Publication of Arrest |
| Ex. 8 | New England WatchDog Report |

23

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 28 of 60 PageID #: 103

# EXHIBIT 1

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# Witness Statement

**Date:** 9·29·17

**Name:** Kristiana Warner

**Address:** 211 Rumstick Rd Barrington RI 02806

**DOB:** 11/5/87

**Occupation:** Operations Manager

**Phone #:** 401 489 2617

**Email:** kwarner@deatonlawfirm.com

Is this statement you're about to write the truth to the best of your knowledge? YES

On 9/24/17, John Deaton (my boyfriend) & I were at Barrington High School for my son's Pop Warner football game. Ron (my ex husband) and his girlfriend Ashley also came to the game. Afterwards, my kids went to say hi to their dad (Ron). Mackenzie was near me while Jackson hugged Ron. Ron told Jackson something to make him cry and walk away. I stayed near Mackenzie while she approached Ron. He whispered in her ear but as he pulled back he said I have no money or food so you can't come over for a while. Jackson & John had been talking about 15 feet away. I told Ron this wasn't the time or place for that and walked w/Mack towards Jackson & John. John was telling the kids their dad loves them and just needs to get a couple things in order, that he wants to spend time w/them and what not. Ron & Ashley had come up behind us and Ron interjected that its not Jackson's fault so don't feel bad. John, Ashley and I turned towards Ron as he spoke. I repeated that this wasn't the time or place. Ashley agreed and Ron started pointing at me saying its my fault because money is more important to me. John asked why he has to go there in front of the kids. and that they can talk about it elsewhere. I turned towards the kids, hugging them as they were still upset.

**Signature** _[signature]_

**Witness** _[signature]_

(cont'd on back) KW _[initials]_

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 11/30/2019 1:23 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 30 of 60 PageID #:
105

was something going on between them behind me so I blocked the kids' view. I heard them all (Ron, John and Ashley) exchanging words. When I turned my head I saw Ashley in John's face. I turned back to the kids to make sure they were OK and couldn't see anything. The next time I turned around, I saw Seth, Barrington Pop Warner President, in between Ron & John. Ron was yelling that he was going to call the police.

John, the kids and I walked to our vehicle in the back lot and left. As we drove around the front of the school, Ron was standing there w/a police officer and pointed to our car. The cop jumped in his car and pulled us over. John asked if he could step out of the car instead of discuss it in front of the kids. The officer agreed. They went to the front of the patrol car- John was handcuffed and patted down. My kids were crying, afraid John was getting arrested so I asked the officer to explain that he was not. He agreed. As he talked w/my kids, John was sitting in the back of the police car. Another patrol car pulled up. The officer then let me know they were arresting John. KW

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00013-WES-LDA    Document 6    Filed 01/17/20    Page 31 of 60 PageID #: 106

# EXHIBIT 2

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted 10/2019 11:29 AM
Envelope 2379
Re... ...ew D.



**Barrington Police Department**
**Arrest Report**

Page: 1
09/24/2017

### Arrest #: 17-352-AR
### Call #: 17-18259
### Incident #: 17-1389-OF

Date/Time Reported: 09/24/2017 @ 1347
Arrest Date/Time: 09/24/2017 @ 1417
Booking Date/Time: 09/24/2017 @ 1417

Additional Cases: 17-353-AR
Reporting Officer: Patrolman David Wyrostek
Booking Officer: Patrolman David Wyrostek



Released: 09/24/2017 @ 1544

Signature: _____

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | DEATON, JOHN E<br>211 RUMSTICK RD<br>BARRINGTON RI 02806 | M | W | 50 | 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 | 401-369-6967 |

Military Active Duty: N
HEIGHT: 601          WEIGHT: 190          HAIR: UNKNOWN OR COMPLETELY BALD          EYES: NOT AVAIL.
BODY: MEDIUM          COMPLEXION: FAIR
DOB: 06/03/1967          PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: RI 2712236          ETHNICITY: NOT HISPANIC

_____[CONTACT INFORMATION]_____

Home Phone          (Primary)          401-369-6967

_____[APPEARANCE]_____

GENERAL APPEARANCE: DISORDERLY

GLASSES WORN: NO

SCARS: SC BACK(SCAR LOWER BACK)

_____[RIGHTS/BOOKING CHECKS]_____

PHONE USED: Y          PHONED DATE/TIME: 09/24/2017 @ 1417
ARRESTEE SECURED: Y  09/24/2017  1435
ARRESTEE CELL #: 1

FINGERPRINTED: Y
PHOTOGRAPHED: Y
SUICIDE CHECK: Not Performed
PERSONS: State&Federal
NCIC VEHICLE CHECK: Not Performed
INJURY OR ILLNESS: N

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

**Barrington Police Department**
**Arrest Report**                                           09/24/2017

### Arrest #: 17-352-AR
### Call #: 17-18259
### Incident #: 17-1389-OF

| # | OFFENSE(S) | | ATTEMPTED | TYPE |
|---|---|---|---|---|

LOCATION TYPE:  School-Elementary/Secondary     Zone: 234
BARRINGTON HIGH SCHOOL
220 LINCOLN AVE
BARRINGTON RI 02806

**1   SIMPLE ASSAULT OR BATTERY**                          N                  Misdemeanor
    11-5-3                    11-5      3
              OCCURRED: 09/24/2017   1347
         SUSPECTED OF USING: Not Applicable
         WEAPON/FORCED USED: Personal Weapons (Hands/Feet/Etc)
              BIAS AGAINST: No Bias

**2   DISORDERLY CONDUCT**                                 N                  Misdemeanor
    11-45-1                   11-45     1
              OCCURRED: 09/24/2017   1347
         SUSPECTED OF USING: Not Applicable
              BIAS AGAINST: No Bias

| # | VICTIM(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | WARNER, RONALD J | M | W | 32 | 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 | 253-348-0868 |

  29 BLAINE ST
  PROVIDENCE RI 02904
  DOB: 04/09/1985
  INJURIES: Apparent Minor Injury
  ETHNICITY: Not of Hispanic Origin
  RESIDENT STATUS: Non Resident
  VICTIM CONNECTED TO OFFENSE NUMBER(S): 1
  RELATION TO: DEATON JOHN                    Acquaintance

| # | PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|
| 1 | WARNER, KRISTIANA M | WITNESS | F | W | 29 | 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 | 401-489-2617 |

  211 RUMSTICK RD
  BARRINGTON RI 02806
  DOB: 11/05/1987

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

NAR.IVE FOR PATROLMAN DAVID J WYRC.K

Ref: 17-352-AR

On 9/24/17 at approximately 1347 hrs I was responded to Barrington High School for a 911 report of a assault that had just taken place. Upon my arrival, I met with the reporting party Ronald Warner in front of the high school. Warner said that while he was at a football game, he was assaulted by a male party named John Deaton. Warner stated that Deaton was actively insulting him and taunting him. Warner stated that Deaton then got in his face and threatened him. Warner said that Deaton then went "chest to chest" and when Warner attempted to resist this action, Deaton grabbed him by the throat. While Warner was explaining the events that had just taken place, a black Mercedes SUV drove past me driving east towards County Rd. Warner told me "thats the guy who grabbed my neck right there driving." I then followed the vehicle and initiated a motor vehicle stop and identified the male operator as John Deaton.

After I identified Deaton, he asked to get out of the vehicle so he could explain himself out of the presence of his children in the back seat of the vehicle. After Deaton stepped out he told me that Warner was his wife's ex-husband and he is a loser with a warrant. Deaton told me that Warner was the one who initiated the incident and that he was simply defending himself. At this point, I instructed Deaton to place his hands behind his back and subsequently placed him in hand restraints which were double locked and check for tightness. Deaton was also searched and was negative for weapons or any contraband and placed in the rear of Car #6 and brought to the station. While in transport, Deaton continually threatened to sue me and this agency for arresting him. Deaton threatened to have me suspended and any officer who signs off on this arrest suspended. Multiple times Deaton stated that "I can't believe you're treating a Barrington resident like this, I pay more in taxes than your entire salary." At the station, Deaton was processed, fingerprinted, and placed in cell #1 without further incident. Warner, and his girlfriend, Ashley Maryyaneu, also responded to Barrington Police HQ and provided written witness statements of the incident which are attached to this report.

After processing Deaton in the booking room and placing him in cell #1, Warner, who was in interview room #1 filling out a written witness statement, was informed he had an active Warrant originated from Providence PD. Please refer to 17-353-AR for Warner's arrest.

Case 1:19-cv-00015-WES-LDA Document 11-1 Filed 01/17/20 Page 35 of 60 PageID #: 110

Barrington Police Department                                                    Page: 1

SUPPLEMENTAL NARRATIVE FOR PATROLMAN ANTHONY DICRISTOFORO

Ref: **17-352-AR**

On Sunday 9/24/17 at 1340 hrs I responded with Patrolman Wyrostek to the front of the Barrington High School to meet with a male party who had just been assaulted. The call was made on a 911 line and we responded code-2.

Upon arrival Patrolman Wyrostek was on a motor vehicle stop on Lincoln Avenue with a dark colored SUV. A male party wearing Seattle Seahawk baseball cap, later identified as the victim of the assault, Ronald Warner, waved me down and approached my vehicle. He was visibly upset and said he was choked by his ex-wifes husband, identified as John Deaton. The altercation took place behind the high school in the area of the football field. It occurred in the presence of football coaches, children, and other patrons. A football coach separated the 2 men from further escalation. I called his information to dispatch and we both went to the parking area where his girlfriend, Ashley Maryyaneu, was awaiting our arrival.

Mr Warners throat did not appear red, swollen, or show finger marks.

When we reached his car, I asked him for detailed account of the incident leading him to call 911. He said that his son had just finished playing in the football game and wanted to stay with he and his girlfriend for the afternoon. Mr. Warner responded to his son that he couldn't afford to keep him for the afternoon and he needed to go with his mom. Mr. Warner and Ms Maryyaneu said thier goodbye's to his children and started walking away toward their vehicle. Mr. Deaton started following the pair yelling insulting remarks and said "he was going to kick his ass in front of his kids". They continued walking to the parking area ignoring the comments from Mr. Deaton. Mr Deaton then stated something insulting about his girlfriend, Ms Maryaneu. At this time, Mr Warner stopped and faced Mr. Deaton and told him to stop insulting his girlfriend. At that time, Mr. Deaton bumped his chest into Mr Warner's, raised a closed fist and started to swing in a motion to punch him. He held back the punch, and instead grabbed Mr. Warner's throat. At this time Mr. Warner threw his arms up and back in an act of submission. At this time a coach from a pop warner team separated the two and told them both to leave the premises immediately before he called the police.

Both Mr. Deaton and Mr. Warner walked away in separate directions. This is when Mr. Warner called 911.

That coach was later identified as Seth Fisher. His statement is in the case folder.

While Mr. Deaton was being processed at headquarters, his manner, comments, and tone were insulting and demeaning towards myself and Patrolman Wyrostek. He identified himself as a Barrington Resident, a lawyer, and the owner of his law firm. He also said he could not believe he was being treated like this. He also stated the taxes he pays on Rumstick Road, not only pays our salaries, but is higher than our salaries. He continued his verbal barrage threatening to sue the Town of Barrington and its Police Department. This comment about suing the department was also made in front of the JP and Lieutenant Harrington before being released ROR and not being charged the $50 JP fee. As I escorted him to the lobby he told me to tell that rookie he made a huge mistake. He then left the building.

On a side note, Mr. Warner was also arrested an active arrest warrant from the Providence Police Department. He was processed without incident and transferrred to responding Providence Police Officers. (17-353-AR)

Report taken for documentation.

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

17-052 - A 11

CASE #
PAGE 1 of 1

## WITNESS STATEMENT

TIME 6:15 PM
DATE 5/24/17
PLACE BHS

I, Seth Fisher , voluntarily, without threats or promises, make the following statements:

Q. What is your name?
SETH FISHER

Q. What is your date of birth?
6/3/74

Q. What is your present address?
47 LAWSON RD BARRINGTON

Q. What is your occupation?
SALES

Q. Phone numbers? Cell 4016036437 Home_____ Work_____

I witnessed an altercation between two males. One male was taller with a goatee and the other shorter with a baseball hat. They were walking together and arguing when the taller man w/ goatee put his right hand on the other man's throat. Then backed off with fists raised. I yelled for them to stop. At which point they backed off. I approached them both and told them to leave. After a few words with both men, they left in separate direction

_____
SIGNATURE

taken by _____ #14

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# WITNESS STATEMENT

TIME 9/29/17

DATE 1:45pm

PLACE Barrington High School

I, _Ashley Manganelli_ , voluntarily,

without threats or promises, make the following statements:

Q. What is your name?
A. Ashley Manganelli

Q. What is your date of birth?
A. 6/16/90

Q. What is your present address?
A. 29 Blaine St Providence RI 02904

Q. What is your occupation?
A. LICSW

I was standing with my boyfriend following the football game we said goodbye to his two young children and we began walking away to the car to leave. John Deaten followed us and started yelling at me, and my boyfriend w/ intimidating and demeaning statements. We continued to walk away and John got physical and put his hand on my boyfriends throat. He then quickly raised his left fist to hit him in the face. Other witnesses asked him to step and leave the premises immediately.

Statement taken by _Robin A Dilatof #14_

SIGNATURE _Ashley Manganelli_

9/24/17

Witnesses: _____

White – Police
Yellow – Court
Pink – A.G.
Gold – Def. Attor.

FORM 3

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# WITNESS STATEMENT

TIME _1:45 pm_

DATE _9/24/17_

PLACE _Barrington HS football field_

I, _Ronald J Warner II_ , *voluntarily,*

*without threats or promises, make the following statements:*

Q. What is your name?

A. _Ronald Warner_

Q. What is your date of birth?

A. _04/09/1985_

Q. What is your present address?

A. _29 Blaine St Apt 1R_
_Providence, RI 02904_

Q. What is your occupation?

A. _laborer, construction_

While attending the pee-wee football game at Barrington HS on 9/24/17. Myself and my girlfriend were insulted and taunted by John Deaton. John and I came face to face and he threatened to "beat my ass in front of my kids". He then pushed into my chest with his and when I gave resistance John raised his fist and then grabbed me around my throat. At that point we were seperated by a coach and asked to leave. I never raised my own hands in either defense nor aggression.

SIGNATURE _R J W II_

Statement taken by _Patrick Aquilty #14_

Witnesses: _____

White - Police
Yellow - Court
Pink - A.G.
Gold - Def. Attor.

FORM 3

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA   Document 6   Filed 01/17/20   Page 39 of 60 PageID #: 114



**State of Rhode Island and Providence Plantations**
**Rhode Island District Court**

Permission To Leave The State & Waiver Of Extradition

Defendant

Case Number _____

Name:      John Deaton

Address:   211 Rumstick Rd

City:      Barrington          State:   RI

Date of Birth:   6-3-67

The above named subject has permission to leave this state during the pendency of this matter in the District Court for the purpose of

_has legal matters outside of the state of RI_

Special Conditions:

I hereby waive extradition to the state of Rhode Island and also agree that I will not contest any effort by any state to return me to the state of Rhode Island.

_Anthony Ducal  JP_         _____
Judge                        Defendant



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

# DISTRICT COURT

## RIGHTS/WAIVER FORM

| State of Rhode Island | Bail Commissioner |
|---|---|
| v. | |
| **Defendant** | JP Bucci |
| John E Deaton 06/03/67 | |

| Arraignment Date | Offense(s) Charged |
|---|---|
| 09/24/17 | Simple assault and battery<br>Disorderly conduct |

   I, the above-named Defendant, hereby certify that the bail commissioner of the District Court has advised me that I am charged with a crime and of my rights as follows:

   1.  That I have the right to remain silent.  If I make a statement it may be used as evidence against me.

   2.  That I have reasonable time to consult with an attorney and be admitted to bail.

   3.  That I have a right to be represented by an attorney of my own choice at my own expense. If I cannot afford an attorney the court will refer me to the public defender or other assigned attorney at no cost to me.

   4.  That I have a right to a trial by jury in the first instance.  I may waive that right and have a trial in the District Court.  If I am found guilty I am entitled to appeal that judgment to the Superior Court and have a de novo trial before a jury.

   **IT WAS ALSO EXPLAINED TO ME THAT I MUST APPEAR IN COURT AT THE TIMES ON THE DATES GIVEN TO ME!**

   I acknowledge that the above have been explained to me and that I understand these rights.

| | Date |
|---|---|
| Signature of the Defendant | 9-24-17 |

DC-12 (revised November 2016)

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.



# Barrington Police Department
### 100 Federal Road
### Barrington, Rhode Island 02806
### Telephone (401) 437-3930 Fax (401) 437-3943

November 1, 2017

Ref: **John Deaton**

Dear Mr. Dawson,

Pursuant to your request enclosed is a copy of the captioned individual's discovery case file. If you have any questions or need further information, please contact me at the above phone number.

Sincerely,

Anne M Agresti
Prosecution Clerk / Records Dept
Barrington Police Department

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# EXHIBIT 3

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# Providence Incident Report
## Detail

| | | | |
|---|---|---|---|
| **Print Date/Time:** | 09/28/2017 13:43 | | Providence Police Department |
| **Login ID:** | hclements | **ORI Number:** | RI0040900 |
| **Case Number:** | 2017-00046410 | | |

## Case Details:

| | | | | |
|---|---|---|---|---|
| Case Number: | 2017-00046410 | **Incident Type:** | Assault,Simple | |
| Location: | BLAINE STREET | **Occured From:** | 05/09/2017 12:00 | |
| | | **Occured Thru:** | 05/18/2017 20:00 | |
| | | **Reported Date:** | 05/18/2017 20:00 Thursday | |
| Reporting Officer ID: | 9146-Taylor | Status: | Open | ·Status Date:  05/18/2017 |
| Assigned Bureau: | SVU | | | |

### Case Assignments:

| Assigned Officer | Assignment Date/Time | Assignment Type | Assigned By Officer | Due Date/Time |
|---|---|---|---|---|
| 10048-Richards | 05/19/2017 00:00 | Primary Investigator | 1616-Hartnett | |

| Associated Cases | Status | Assisting ORIs | Role |
|---|---|---|---|

| Modus Operandi | | Solvability Factors | Weight |
|---|---|---|---|
| | | | Total: |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 13B | 11-5-3 | SIMPLE ASSAULT OR BATTERY | 1 |

Page: 1 of 6

# Providence Incident Report

## Detail

| | |
|---|---|
| **Print Date/Time:** 09/28/2017 13:43 | |
| **Login ID:** hclements | **ORI Number:** Providence Police Department |
| **Case Number:** 2017-00046410 | RI0040900 |

### Offense #   1

| | | |
|---|---|---|
| **Group/ORI:** State | **Crime Code:** 13B | **Statute:** 11-5-3 | **Counts:** 1 | **Attempt/ Commit Code:** Committed |
| **Description:** SIMPLE ASSAULT OR BATTERY | | **Offense Date:** 05/18/2017 |

| | | |
|---|---|---|
| **NCIC Code:** | **Scene Code:** Residence/Home | **Bias/Motivation:** No Bias |
| **Offense Status:** | **Status Date:** | **Occupancy Code:** |
| **Arson Code:** | **Domestic Code:** Yes | **Child Abuse:** |
| **Gang Related:** | **Aiding/Abetting:** | **Sub-Code:** |
| **# of Adults:** | **# of Juveniles:** | **IBR Seq. No:** 1 |
| **Property Damage Amt.:** | **Abandoned Structure:** | **Household Status:** |
| **Domestic Circumstance:** | **Carjacking:** | |
| **Accosting Situation:** | **Hate Bias Indicator:** | **Premise Code:** |
| **Gambling Motivated:** | **Order of Protection:** | **Prior Inv - Victim:** |
| **Prior Inv - Offender:** | **Anit-reproductive rights crime:** | **Cargo Theft:** |
| **Special Circumstances:** | **Precipitating Event:** | |

#### Offender Suspected of Using

| | |
|---|---|
| **Alcohol:** | Unknown |
| **Drugs:** | Unknown |
| **Computer:** | No |
| **Aggravated Assault/ Homicide Circumstances #1:** | |
| **Aggravated Assault/ Homicide Remarks #1:** | |
| **Justifiable Homicide Circumstances :** | |
| **Method of Entry Type:** | |
| **Point of Entry:** | |
| **Method of Exit Type:** | |
| **Point of Exit:** | |
| **Direction of Travel:** | |
| **Counterfeit Type:** | |

#### Victim Suspected of Using

| | |
|---|---|
| **Alcohol:** | Unknown |
| **Drugs:** | Unknown |
| **Computer:** | No |
| **Aggravated Assault/ Homicide Circumstances #2:** | |
| **Aggravated Assault/ Homicide Remarks #2:** | |
| **Justifiable Homicide Code :** | **Larceny Type:** |
| **Method of Entry :** | |
| **# of Premises Entered :** | |
| **Method of Exit :** | |
| **How Left Scene:** | |
| **Counterfeit Status:** | **Counterfeit Amount:** |

#### Weapon Code : Hand/Fist/Feet (Personal Wpns)

| | | | |
|---|---|---|---|
| **Feature:** | **Caliber:** | **Caliber Other:** | **Weapon Length:** |
| **Weapon Guage:** | **Guage Other:** | **Weapon Grips:** | **Weapon Finish:** |
| **Weapon Finish Other:** | | **Weapon Other:** | |
| **Weapon Action:** | **Firearm Make:** | **Knife Type:** | |

### Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| Suspect | 1 | Warner, Ron | 29 BLAINE ST Providence,RI 02904 | (253)348-0868 | White | Male | 04/09/1985 32 |
| Victim | 1 | Maryyanek, Ashley | 128 SCHOOL STREET Boylston,MA 01505 | (774)670-8485 | White | Female | 06/16/1990 26 |

Page: 2 of 6

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

# Providence Incident Report
## Detail

| | | |
|---|---|---|
| Print Date/Time: | 09/28/2017 13:43 | |
| Login ID: | hclements | ORI Number:    Providence Police Department |
| Case Number: | 2017-00046410 | RI0040900 |

**Subject #**    **1-Suspect**

| | | | | | | |
|---|---|---|---|---|---|---|
| Primary: | Yes | **Suspect Type:** | Suspect | | | |
| Name: | Warner, Ron | **Race:** | White | **Sex:** | Male | **DOB:** 04/09/1985 |
| Address: | 29 BLAINE ST | **Height:** | | **Weight:** | | **Build:** |
| | Providence RI 02904 | **Eyes:** | | **Hair:** | | **Age:** 32 |
| Primary Phone: | (253)348-0868 | **SSN:** | | **DVL #:** | | **State:** |
| Resident Type: | City | **Resident Status:** | Resident | **Statement Type:** | | Written |
| Disposition: | | **Date:** | | **Custody Status:** | | |

**Related Offenses**

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 13B | 11-5-3 | SIMPLE ASSAULT OR BATTERY |

**Related Weapons**

| Weapon Code | Weapon Feature | Weapon Caliber | Weapon Guage | IBR Seq # |
|---|---|---|---|---|
| Hand/Fist/Feet (Personal Wpns) | | | | 1 |

**Victim/Offender Relationship**

| No. | Type | Name | Relationship |
|---|---|---|---|
| 1 | Suspect | Warner,Ron | Boyfriend/Girlfriend |

| | | |
|---|---|---|
| Transported By: | Extent of Injury: | Hospital: |
| Domestic Violence: | Domestic Violence Referrals: | Federal Agencies Involved: |
| Condition: | Medical Treatment: | |

| **Injury Types** | **Modus Operandi** |
|---|---|
| N. None | Assaults Victim |

**Missing Person Information**

Page: 3 of 6

# Providence Incident Report
## Detail

| | | | | |
|---|---|---|---|---|
| **Print Date/Time:** | 09/28/2017 13:43 | | | Providence Police Department |
| **Login ID:** | hclements | **ORI Number:** | | RI0040900 |
| **Case Number:** | 2017-00046410 | | | |

**Subject #**    **1-Victim**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Primary:** | Yes | **Victim Type:** | Individual | | | | |
| **Name:** | Maryyanek, Ashley | **Race:** | White | **Sex:** | Female | **DOB:** | 06/16/1990 |
| **Address:** | 128 SCHOOL STREET | **Height:** | | **Weight:** | | **Build:** | |
| | Boylston MA 01505 | **Eyes:** | | **Hair:** | | **Age:** | 26 |
| **Primary Phone:** | (774)670-8485 | **SSN:** | | **DVL #:** | | **State:** | |
| **Resident Type:** | City | **Resident Status:** | | | | **Statement Type:** | Written |
| **Disposition:** | | **Date:** | | | | **Custody Status:** | |

**Related Offenses**

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 13B | 11-5-3 | SIMPLE ASSAULT OR BATTERY |

**Related Weapons**


**Victim/Offender Relationship**


| | | |
|---|---|---|
| Transported By: | Extent of Injury: | Hospital: |
| Domestic Violence: | Domestic Violence Referrals: | Federal Agencies Involved: |
| Condition: | Medical Treatment:  Treated/Released | |

**Injury Types**                    Modus Operandi

M. Apparent Minor Injury

**Missing Person Information**


**Arrests**

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|
| 91208A | Warner, Ron | 325 WASHINGTON ST Providence,RI 02903 | 09/24/2017 15:00 | Warrant/Capias | 32 |

Page: 4 of 6

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:20-cv-00015-WES-LDA   Document 6   Filed 01/17/20   Page 47 of 60 PageID #: 122

# Providence Incident Report
## Detail

| | | | | |
|---|---|---|---|---|
| **Print Date/Time:** | 09/28/2017 13:43 | | | Providence Police Department |
| **Login ID:** | hclements | **ORI Number:** | | RI0040900 |
| **Case Number:** | 2017-00046410 | | | |

| **Arrest #** | 91208 A | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name: | Warner, Ron | **Date/Time:** | 09/24/2017 15:00 | **Type:** | Warrant/Capias | **Status:** | Held |
| Address: | 29 BLAINE ST | **Race:** | White | **Sex:** | Male | **DOB:** | 04/09/1985 |
| | Providence, RI 02904 | Height: | | Weight: | lbs. | Build: | |
| | | Eyes: | | Hair: | | Marital: | |
| Phone: | (253)348-0868 | SSN: | | DVL#: | | State: | |

| | | | | | |
|---|---|---|---|---|---|
| Location: | 325 WASHINGTON ST | | | | |
| | Providence,RI 02903 | | | | |
| ID Procedure: | | Miranda ID: | | Miranda Date/Time: | |
| **Age at Arrest:** | 32 | Resident Type: | | Resident Status: | |
| Basis For Caution: | | Arrest Result Of: | | Clears Case: | |
| Alcohol Influence: | | Drug Influence: | | Resisted Arrest: | |
| Statement Type: | | Statement ID: | | | |

| Arresting Officers | Bureau | School Resource Officer | Weapon Codes | Feature |
|---|---|---|---|---|
| 14039-Castigliego | Patrol | No | Unarmed | |
| 17108-Waters | Patrol | No | | |

| | | | |
|---|---|---|---|
| Condition: | | Medical Treatment: | |
| Transported By: | | Extent of Injury: | Hospital: |

**Injury Types**

N. None

**Associated Numbers**

| | | |
|---|---|---|
| Warrant ORI: | Warrant Number: | |
| Booking ORI: | Booking Number: | |
| Court ORI: | Court Case Number: | |

**Arrest Charges**

| No. | Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|---|
| 1 | State | 13B | 11-5-3 | SIMPLE ASSAULT OR BATTERY |

| | | | | | |
|---|---|---|---|---|---|
| **Counts:** | 1 | Charge Date/Time: | | **Attempt/Commit:** | Committed |
| Domestic: | | Plea: | Larceny: | | |
| Disposition: | | | Disposition Date: | NCIC Code: | |
| Court Date/Time: | | Bond Date/Time: | | **Other ORI:** | No |
| Court Disposition: | | | Court Disposition Date: | | |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|

## Vehicles

| No. | Role | Vehicle Type | Year | Make | Model | Color | License Plate | State |
|---|---|---|---|---|---|---|---|---|

Page: 5 of 6

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

CV-00015-WES-LDA    Document 6    Filed 01/17/20    Page 48 of 60 PageID #: 123

## Arrest Supplement

On Sunday September 24, 2017 at approximately 1500 hours C-282 Patrolman Castigliego and Patrolwoman Waters responded to the Barrington Police Department to pick up a prisoner wanted on a Providence Police Department arrest warrant.

Upon arrival Police took into custody of a subject identified as Ronald Warner D.O.B. 4/9/1985, who was transported to Central Station without incident.


## Narrative

On May 18, 2017 at 20:00 hrs a complainant Ashley Maryyanek D.O.B.6/16/90 of Massachusetts responded to central station to report simple assault.
The complainant states she was living with her former intimate partner Ron Warner D.O.B.4/9/85 on 29 Blaine Street on May 9, 2017 and was assaulted by Mr. Warner. The complainant states Mr.Warner was angry and blaming her for his mother not visiting him. The complainant states she went to bed and was unable to sleep because Mr. Warner was twitching. The complainant states she got up to move to the living room and Mr. Warner ran towards her and tackled her to the ground. The complainant states she screamed and he told her he would call the police to say she injured herself. Ms. Maryyanek states Mr. Warner texted her today threatening her and saying not to speak to his ex-wife and that he would do what he has to do.
Ms. Maryyanek also states Mr. Warner made threats to her family, friends, and to hurt her dog, and threatened to call her employer.
Ms. Maryyanek states he kept her from leaving, pushing/shoving, throwing /slamming her. The complainant states she was treated for bruises on her right arm and right leg at Steward medical Group.
Ms.Maryyanek is a white female and her demeanor is upset, shaking, and crying.
Ms. Maryyanek Contact #is (508)864-1875/(774)670-8485
Mr. Ron Warner is a white male and has a history of violence.
TOT to SVU
Copy of report enclosed
DV/SA form completed
Special Witness Statement Given
Domestic Violence Safety Plan Pamphlet -English


## j.richards supp.


On 6/16/17 an arrest warrant was issued for Ron Warner DOB 4/9/85 in violation of 11-5-3/12-29-5 Domestic simple assault.

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 49 of 60 PageID #: 124

# EXHIBIT 4

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 50 of 60 PageID #: 125

# Witness Statement

Date: 9/30/17

Name: Christine Lamoureux    Address: 241 Maple Ave Barrington

DOB: 07/24/1968    Occupation: N/A

Phone #: 401-252-1797    Email: Chrismlam88@hotmail.com

Is the statement your about to write the truth to the best of your knowledge Yes CL.

On 9/26/17 around 1.30 Pm I witnessed a tall man and a little man nose to nose yelling at each other. Tall man stated that he was a federal attorney. I saw the small man then start swinging at the little gu big guy. The woman that was with the little guy starte coming Both of then men, Little guy then tured around and Pushed the woman with both hands. I new so the big men Put his hands on the little any time, I say the head coach then I walked away. I was then appr approached By the tall man girl friend, Kristi told her what I witnessed and gave her my phone number. CL

Signature: CL

Witness: [signature]

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00013-WES-LDA    Document 6    Filed 01/17/20    Page 51 of 60 PageID #: 126

# EXHIBIT 5

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 52 of 60 PageID #:
127

# Witness Statement

Date: _10/7/17_

Name: _Frances Munafo_    Address: _62 Michael's Ln Tiverton_

DOB: _3-22-70_    Occupation: _Executive Assistant_

Phone #: _401-480-5275_    Email: _snackhound@verizon.net_

Is the statement your about to write the truth to the best
of your knowledge? _Yes FM,_

On 9/24 @ 1:30  I observed two men arguing.

A tall man and a shorter man. The first thing I
heard was the tall guy say not hear in front of the kids.
They walked over towards end of field and they continued to
talk and the taller guy walked away and the shorter
guy came after him and touched his back. Then as
the taller guy turned around the woman got very animated
and was swearing and in between the two men.
Then the taller guy walked away as the shorter
guy continued to talk loudly at him. The taller
guy asked the woman and children to come with
him to be off of harms way.

Signature _Frances M___    Witness _____

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 53 of 60 PageID #: 128

# EXHIBIT 6

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

1:19-cv-00015-WES-LDA     Document 6     Filed 01/17/20     Page 54 of 60 PageID #: 129

# Witness Statement

Date: 10/2/17

Name: Jacob Munafo     Address: 62 micheals Ln.
Tiverton Ri.

DOB: 3/23/99     Occupation: Student

Phone #: 401/480/6482     Email: Jacobmunafo@gmail.com

Is the STATEMENT your About to write the truth to the best of your knowledge YCS JPM

On 9/24/17 at 1:30 pm I observed at the barrington highschool Football Feild an altercation between a tall man and a short man where the short man antagonized the tall one attempting to encite a fight but Failed and It seems to me while I do not know shoved the tall man, (He was obscured from view by the tall man so I can not confirm).

Signature _Jacob Munafo 10/2/17_     Witness _[signature]_

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00013-WES-LDA     Document 6     Filed 01/17/20     Page 55 of 60 PageID #: 130

# EXHIBIT 7

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00013-WES-LDA    Document 6    Filed 01/17/20    Page 56 of 60 PageID #: 131

John E. Deaton △
Stephen F. Chrabaszcz °
Emily Trieber •

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

---

△ Admitted in RI, MA, CT & IA
° Admitted in CA, MA, RI, & TX
• Admitted in RI, MA

*VIA HAND DELIVERY and EMAIL*                                    September 25, 2017

To:     Barrington Police Department
        100 Federal Road
        Barrington, RI 02806

CC:     Lou Pulner
        (via email only)
        lou@pulnerlaw.com

Re:     ***State of Rhode Island v. John Deaton, Case No. 61-2017-11068***

      As an officer of the Court and an attorney practicing under the tutelage of Attorney John Deaton, I would respectfully ask that Attorney Deaton's name not be released to the press in connection with his arrest or any of the events following the Pop-Warner football game at Barrington High School on Sunday, September 24, 2017.

      An upstanding citizen in the Barrington and East Providence communities, Attorney Deaton often attends the weekly Pop-Warner games in support of the Eagles. On this particular occasion, Attorney Deaton was caught in between an argument at a time when he was attempting to diffuse a dispute and minimize trauma inflicted upon two young children. He cooperated with officers, who unfortunately were only apprised of an unflattering portion of the details of the events that had transpired, before being taken into police custody. Attorney Deaton was eventually released on his own recognizance. The perpetrator of the trauma and physical action was sent to jail as there was an outstanding warrant, in connection with domestic violence, for his arrest. At least one officer later returned to the field and spoke with other potential witnesses at the sporting event – assumingly in an effort to retrieve an accurate, more complete picture of the events that took place.

      A decorated Major in the U.S. Marine Corps, having received the Meritorious Service Medal and Navy Marine Corps Commendation Medal, Attorney Deaton has the utmost respect for those who serve their communities. Attorney Deaton's reputation, as a veteran, business owner, philanthropist, and legal advocate for persons dying from cancer, will be unduly tarnished and harmed upon the disclosure of this sensitive information. Releasing his name to the press would only serve to defame a father and further traumatize his children as well as the children he sought to protect. The impact such a disclosure would cause to Attorney Deaton's clients, employees, fellow service members, and family would be irreparable as no real remedy exists which can make a person whole after his good name is slandered or subjected to libel per quod.

      It would be a travesty if the Barrington Police Department were to further subject Attorney Deaton, and all those whose lives he impacts, to pain, suffering, invasion and deprivation. Additionally, failure to exempt would reasonably constitute an unwarranted invasion of personal privacy affecting both Attorney Deaton's professional and personal relationships.  Though a small gesture of professional courtesy,

---

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 57 of 60 PageID #: 132

John E. Deaton ᐃ
Stephen F. Chrabaszcz °
Emily Trieber •

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

ᐃ Admitted in RI, MA, CT & IA
° Admitted in CA, MA, RI, & TX
• Admitted in RI, MA

refraining from the release of Attorney Deaton's name to the press and public is crucial in not depriving him of the opportunity, afforded to him through due process, to clear his name of the charges brought against him. On behalf of the Deaton Law Firm, I implore you to consider this request in the good faith with which you serve.

Sincerely,

Emily R. Trieber, Esq.

---

Tel. 401-351-6400  •  Fax 401-351-6401 • www.deatonlawfirm.com  •  office@deatonlawfirm.com

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00013-WES-LDA     Document 6     Filed 01/17/20     Page 58 of 60 PageID #: 133

# EXHIBIT 8

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:19-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 59 of 60 PageID #: 134

# New England WatchDog

# Holding our police, lawyers, and government officials to higher standards

# Providence Attorney John Deaton tells officer "I pay more in taxes than your entire salary"

Posted on March 2, 2018    by nicolass    Leave a comment





John Deaton, Attorney
Deaton Law Firm
450 N Broadway

Barrington Police Department Incident Report: 9/24/2017

Reporting Officer: Patrolman David Wyrostek
GENERAL APPEARANCE : DISORDERLY

Attorney John Deaton of the Deaton Law Firm   (http://deatonlawfirm.com)was arrested on September 24th 2017 at BARRINGTON HIGH SCHOOL with a charge of simple assault or battery. The victim is the ex-husband of John Deaton's current wife.

In the officer's narrative of John Deaton's arrest, the report reads the victim reported **"Deaton grabbed him by the throat"**

Additionally, the arresting officers reports that Deaton stated *"I was making a 'huge mistake' due to the amount of judges he knows in the State of RI"*

Please check out the entire incident report here (https://newenglandmakersnews.files.wordpress.com/2019/01/deaton-barrington-police-department_publish.pdf).

Case Number: PC-2019-12102
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 11:29 AM
Envelope: 2399679
Reviewer: Andrew D.

Case 1:20-cv-00015-WES-LDA    Document 6    Filed 01/17/20    Page 60 of 60 PageID #: 135

Barrington Police Department
Images Associated with 17-352-AR




John Deaton, Attorney
Deaton Law Firm
450 N Broadway
East Providence, RI 02914
Phone: (401) 351-6400
Fax: (401) 351-6401
http://deatonlawfirm.com/

John Deaton, Attorney
Deaton Law Firm
450 N Broadway
East Providence, RI 02914
Phone: (401) 351-6400
Fax: (401) 351-6401

Please check out the entire incident report here (https://newenglandmakersnews.files.wordpress.com/2019/01/deaton-barrington-police-department_publish.pdf).

- ◦ Crime
- ◦ Lawyers & Judges

Blog at WordPress.com.