UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN DEATON
    *Plaintiff*,

vs.                                                                                                                C.A. No. 1:20-cv-00015

TOWN OF BARRINGTON, By and through
Its TOWN MANAGER JAMES CUNHA,
OFFICER DAVID WYROSTEK, OFFICER
ANTHONY DECRISTOFORO,
LT. TIMOTHY HARRINGTON,
CHIEF JOHN LACROSS, individually,
and in their official capacities as police officers
for the Town of Barrington, RI, inclusive.
    *Defendants*.

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS**
## **MOTION TO REMAND TO STATE COURT**

Plaintiff John Deaton ("Plaintiff") is a citizen of Rhode Island who was arrested on September 24, 2017 for assault and battery and disorderly conduct without the requisite probable cause. The present suit was initiated on December 30, 2019 against arresting officers David Wyrostek and Anthony Decristoforo from the Barrington police department, Barrington lieutenant Timothy Harrington, Barrington police chief John Lacross, and the town of Barrington (collectively, "Defendants"). Plaintiff's complaint includes eight counts related to his unlawful arrest pursuant to the applicable Rhode Island states laws.

On January 10, 2020, Defendants filed their Notice of Filing Petition for Removal, in which Defendants stated their reliance on 28 U.S.C. § 1441 and 1446 as the basis for removal. Similarly, on January 10, 2020, Defendants filed their Notice of Removal, therein relying on 28 U.S.C. § 1441 and Rule 81(c) of the Federal Rules of Civil Procedure. However, Defendants did not file a memorandum of law to accompany their Notice of Removal, nor did Defendants include any

1

further explanatory basis for the their removal aside from general references to the federal removal statute and the accompanying Rule of Civil Procedure.

## ARGUMENT

Plaintiff urges this Court to remand the above-captioned matter to Rhode Island state court pursuant to 28 U.S.C. § 1447 because this Court does not have subject matter jurisdiction. Plaintiff need not have filed his Motion to Remand within thirty days of removal because, pursuant to 28 U.S.C. § 1447(c), the moving party may file its motion to remand at any time before final judgment when remand is based on a defect in subject matter jurisdiction. However, in the interest of judicial efficiency, Plaintiff nonetheless filed his Motion within the generally proscribed thirty-day designation.

Plaintiff does not take issue with the timeliness of Defendants' removal or Defendants' compliance with the Rule 81(c). However, Defendants' removal is inappropriate because the United States District Court for the District of Rhode Island does not have subject matter jurisdiction over this matter. Defendants have not asserted diversity jurisdiction and cannot do so. While Defendants do make a general reference to federal question jurisdiction in their Notice of Removal, that argument falls flat because Plaintiff's complaint is based entirely on state law. For these reasons, this matter must be remanded to Rhode Island Superior Court.

### I. Diversity of Parties is not Satisfied.

Defendants have not asserted diversity jurisdiction and cannot do so. All parties are residents or entities of Rhode Island. Although the amount in controversy satisfies the requisite amount, the parties, very simply, are not diverse.

## II. Remand to Rhode Island Superior Court is Appropriate because there is no Federal Question.

No proper basis exists to remove this case from state court. Federal courts are courts of limited jurisdiction. *Rodriques v. Genlyte Thomas Group LLC*, 392 F. Supp. 2d (D. Mass. 2005). As courts of limited jurisdiction, federal courts only have the power to hear cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). "The appropriate analysis in a case such as this [where federal question jurisdiction is at issue] is whether or not the case could have originally been brought in federal court as removal is only proper in those instances." *Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830, 833 (M.D. Ala. 1995); 28 U.S.C. § 1441(a).

It is well-settled nationwide, not only by state federal courts but also by the Supreme Court of the United States, that if a plaintiff may base his complaint on either state or federal claims, the plaintiff has the right to choose the law on which he will rely. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). "The party who brings a suit is master to decide what law he will rely upon" *Franchise Tax Board*, 463 U.S. at 12. In order for removal to withstand a motion to remand, "the basis of federal question jurisdiction…must appear upon the face of the state court complaint." *Eure v. NVF Co.*, 481 F.Supp. 639, 642 (E.D.N.C. 1979) (citing *Gully v. First National Bank*, 299 U.S. 109 (1936)).

Plaintiff's complaint presents issues based *solely* on Rhode Island state law, citing only the relevant Rhode Island state statutes. While Plaintiff may have sought recovery via federal avenues, he chose to situate his complaint in state law. As the master of his complaint, this decision must stand. Defendants possess the burden of demonstrating that removal is proper and they have failed

to do so in this case. Because subject matter jurisdiction is lacking, this Court must remand the case to Rhode Island Superior Court where the state law claims will be properly heard.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this matter be remanded back to Rhode Island Super Court.

The Plaintiff,

/s/ John Deaton
John Deaton, *pro se*
The Deaton Law Firm
450 North Broadway
East Providence, RI 02914
(401) 351-6400
(401) 351-6401 fax

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the above document was served through the Rhode Island Judiciary Filing System and served upon all defense counsel via electronic filing on this 7th day of February, 2020.

/s/ Danielle Angelo
Danielle Angelo