UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____

                                     )
JOHN DEATON,                         )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )   C.A. No. 20-015 WES
                                     )
TOWN OF BARRINGTON, et al.,          )
                                     )
          Defendants.                )
_____)


**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

     A state court action may only be removed "if the federal court has original jurisdiction." Sheehan v. Broadband Access Servs., 889 F. Supp. 2d 284, 287 (D.R.I. 2012) (citing 28 U.S.C. § 1441 (2006). "Under the well-pleaded complaint rule the question of jurisdiction must be determined from Plaintiffs' statement of claim in the complaint." Rhode Island Fishermen's Alliance, Inc., ex rel. Fuka v. Dep't of Envtl. Mgmt., C.A. No. 07-230ML, 2007 WL 7328831, at *4 (D.R.I. Nov. 5, 2007) aff'd sub nom. Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't Of Envtl. Mgmt., 585 F.3d 42 (1st Cir. 2009). The question is "whether the plaintiff[s'] claim to relief rests upon a federal right, and the court is to look only to plaintiff[s'] complaint to find the answer." Id. (quoting Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004)) (emphasis removed).

Here, Plaintiff clearly states in his Complaint that he "alleges violations of his civil rights under Rhode Island and Federal law" and that Defendants violated his "due process rights to be free from arbitrary and unreasonable action that are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution <u>and</u> protected by R.I. [sic] 9-31-1." Compl. ¶¶ 1, 72, ECF No. 1-1 (emphasis added). However, Plaintiff argues that Count IV of his Complaint, while referencing federal law, is captioned as a violation of his rights under R.I. Gen. Laws § 9-31-1, and thus that he intended to base his allegations only on state law. <u>See</u> Pl.'s Reply Mem. in Support of Pl.'s Mot. to Remand 3, ECF No. 10.

As an initial matter, Plaintiff's use of the conjunction "and" indicates that he based his allegations on both federal and state law. Compl. ¶ 72. Moreover, as Defendants rightly point out, Section 9-31-1 is Rhode Island's waiver of sovereign immunity and does not create its own cause of action. <u>See</u> Defs.' Mem. of Law in Supp. of Obj. to Pl.'s Mot. to Remand 3 n.2, ECF No. 9-1. Therefore, Plaintiff's allegations of a "conspiracy to violate [his] civil rights" must be based on 42 U.S.C. § 1983, the vehicle through which he could allege "violations of his civil rights[.]" Compl. ¶ 1; <u>see also</u> <u>LaBrecque v. Sch. Admin. Dist. No. 57</u>, No. 06-56-P-S, 2006 WL 1208024, at *2 (D. Me. May 2, 2006)(recommending

2

the court exercise federal court jurisdiction over the action, even where there is no specific mention of Section 1983).

Thus, Plaintiff's Complaint plainly contains a claim to relief that rests upon a federal right, <u>Rhode Island Fishermen's Alliance</u>, 2007 WL 7328831, at *4, and this Court can exercise supplemental jurisdiction over the remaining state law claims. <u>See</u> <u>Roche v. John Hancock Mut. Life. Ins. Co.</u>, 81 F.3d 249, 257 (1st Cir. 1996).

For the foregoing reasons, Plaintiff's Motion to Remand is hereby DENIED.

IT IS SO ORDERED.

William E. Smith
District Judge
Date: May 12, 2020

3